THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KATHRYN CARMEN, ET AL.<br><br>PLAINTIFFS,<br><br>VS.<br><br>AMY CARMEN<br><br>DEFENDANT. | CASE NO. 1:24-CV-01331<br><br>JUDGE: DAVID A. RUIZ |

### AMY CARMEN'S MOTION TO STAY DISCOVERY PENDING THE OUTCOME OF HER 12(c) MOTION

Now comes Defendant Amy Carmen ("Amy") and hereby moves this Court to stay discovery until the Court's ruling on the recent Motion for Judgment on the Pleadings [Doc. # 22] ("MJOP"). Amy is immune from the claims in the Complaint because as of March 2020, Plaintiffs waived all of their claims– known and unknown, present and future – against Amy and any entity in which she holds a beneficial interest. [Doc #18, settlement agreement at its ¶ 5, filed under seal]. When a defendant has a claim of immunity, it is appropriate to stay discovery during the pendency of a dispositive motion. *See, Bickerstaff v. Cuyahoga Cty.*, N.D.Ohio No. 1:18-cv-1142, 2019 U.S. Dist. LEXIS 59827, *2-3 (Apr. 8, 2019); citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

Amy's recent MJOP, once granted, will entirely resolve this litigation. One of Amy's many defenses is that Plaintiffs already executed a complete and final settlement agreement in 2020, which released all claims whether known or unknown against Amy, her late husband, Eric Carmen ("Eric"), and any entity in which either

1

of them holds or held an equitable interest. This defense is akin to one of qualified immunity, which is a common reason to stay discovery in similar circumstances. There is no way to "unring the bell;" if the Plaintiffs are permitted to receive this information and later determined to never have been entitled to it at all, it will be too late to recover it. Plaintiffs have already freely discussed this litigation with media outlets and there is a substantial risk they would do so again — Amy will not be able to correct such a divulging of information. In a recent nationally-circulated magazine, Plaintiffs and others made over a dozen statements that will require retraction – all of which were made to make Amy and Eric look bad and none of which were true.[1] Amy cannot put information back into Pandora's box, but this Court can prevent further information getting into Plaintiffs' hands: information to which they will never be entitled.

The plain language of the 2017 Trust and relevant statutes and case law make clear that the Plaintiffs are **not** beneficiaries as a matter of law. A review of the plain language of the 2020 settlement makes it clear that Plaintiffs already waived all claims against Amy and any trust of which she is a beneficiary. Because they will not be able to move forward with their claims, they will not ever be entitled to information about 2017 Trust assets or transactions. Allowing discovery at this juncture risks that the Plaintiffs will obtain highly sensitive and confidential information about

---

[1] Amy has not proactively approached media outlets. Instead, she has been forced to respond after Plaintiffs and those associated with Plaintiffs spoke with the media and made false statements. In fact, Amy took steps after Eric's death to keep his matters strictly private, as he desired.

Amy and about the 2017 Trust. There is a high risk they will divulge it to other people or even to media outlets.

A memorandum in support of this motion is filed herewith. In order to protect the 2017 Trust and Amy's privacy rights from irreparable harm, a stay of discovery is necessary and Amy requests this Court issue the same.

Dated: February 14, 2025

                Respectfully submitted,

                */s/ Jessica S. Forrest*
                */s/ Timothy J. Gallagher*
                Jessica S. Forrest (0087602)
                Timothy J. Gallagher (0086764)
                REMINGER CO., LPA
                200 Public Sq., Ste. 1200
                Cleveland OH 44114
                (216) 430-2162; Fax: (216) 687-1841
                jforrest@reminger.com
                tgallagher@reminger.com
                **Attorneys for Defendant**

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing *Motion to Stay Discovery* was served via e-mail upon Plaintiffs' counsel on this 14 day of February 2025 at:

Richard N. Selby, II, Esq.
Joseph N. Cindric, Esq.
**Dworken & Bernstein, Co. LPA**
60 South Park Place
Painesville, OH 44077
rselby@dworkenlaw.com
jcindric@dworkenlaw.com
*Attorneys for Plaintiffs*

                */s/ Timothy J. Gallagher*
                */s/Jessica S. Forrest*
                Timothy J. Gallagher (OH Bar# 0086764)
                Jessica S. Forrest (OH Bar # 0087612)
                *Attorneys for Defendant*