AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Ohio

| | | |
|---|---|---|
| Kathryn Carmen, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:24-cv-01331 |
| Amy Carmen | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Civista Bank
3723 Park E Dr., Beachwood, Ohio 44122

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Exhibit A attached.

| Place: Dworken & Bernstein Co., L.P.A.<br>60 S. Park Place, Painesville, Ohio 44077<br>(or as otherwise agreed between the parties) | Date and Time:<br>01/21/2025 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/23/2024

_____ OR _____
*Signature of Clerk or Deputy Clerk*                     *Attorney's Signature*

CLERK OF COURT

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Kathryn and Clayton Carmen (Plaintiffs) , who issues or requests this subpoena, are:

Richard N. Selby, Esq., Dworken & Bernstein Co., LPA., 60 S. Park Place, Painesville, Ohio 44077; Ph: 440-352-3391; Email: rselby@dworkenlaw.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:24-cv-01331

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Civista Bank _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case: 1:24-cv-01331-DAR  Doc #: 28-3  Filed: 02/14/25  3 of 6.  PageID #: 439

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT "A"

## DEFINITIONS

(a) "Persons" means natural persons, corporations, partnerships, sole proprietorships, unions, associates, federations, government agencies, or any other kind of entity.

(b) "Document" means any printed, typewritten, handwritten, or otherwise recorded matter of whatever character, or anything else discoverable pursuant to Fed. R. Civ. P. 34, including, without limitation, letters, purchase orders, notes, memoranda, telegrams, catalogues, brochures, diaries, reports, calendars, inter-office communications, statements, announcements, photographs, tape recordings, motion pictures, electronically stored information accessible by computer, including, but not limited to, word processing files, data files and e-mail, and any carbon or photographic copies of any such material if you do not have custody or control of the original.

(c) The word "Identify," when used in reference to a document, means to state (1) its date, (2) its author, (3) the type of document (e.g., letter, memoranda, receipt, invoice, schedule, report, telegraph, chart, photograph, sound reproduction, note, etc.), and (4) its present location, and the name of its present custodian or each if there is more than one copy thereof. If any such document was, but is no longer in your possession or subject to your control, or it is no longer in existence, state whether it is (a) missing or lost, (b) destroyed, (c) transmitted or transferred voluntarily or involuntarily to others, identifying such others, or (d) otherwise disposed of, and in each instance, explain the circumstances surrounding the authorization for such disposition and state the date or approximate date thereof. If any of the above is not available to you, state any available means of identifying such documents.

(d) The word "Identify," when used herein in reference to a natural person, means to state (1) his/her full name and present or last known address of residence, telephone number, and social security number, and (2) his/her present or last known business affiliation and position therewith. If any of the above information is not available to you, state any other available means of identifying such natural person.

(e) The word "Identify," when used in reference to a person (as defined above) other than a natural person, means to state (1) its full name, (2) nature of its organization including the name of the state under which same was organized, (3) its address(es), (4) the address of its principal place of business, and (5) its principal line of business. If any of the above information is not available to you, state any other available means of identifying such person.

(f) The word "Date," when used herein shall include the day, month, and year of the occurrence to which the interrogatory refers. If any of the information referred to above is unavailable so state, and give us as much information as possible to identify the period of the occurrence.

(g) The words "You" and "Your" when used herein shall refer to the person responding to these requests on behalf of Civista Bank, and/or anyone acting on behalf of Civista Bank and

shall also include all affiliates, parents, representatives, agents, employees, contractors, subcontractors successors and assigns of Civista Bank.

(h) The word "Communication(s)" means, without limitation, all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters, correspondence, electronic mail, memoranda notes, telegrams, telexes, text messages, social media posts, social media private messages, or other forms of communication, including, but not limited to, both oral and written communications. Communication shall also include any exchange of information between and among individuals or other entities and shall include but not be limited to written, spoken, visual, and all forms of electronic and/or social media, including symbols and other illustrations.

(i) The word "Plaintiffs" shall mean plaintiffs Kathryn and Clayton Carmen in the above-captioned action.

(j) The word "Defendant," shall mean defendant Amy Carmen above-captioned action.

(k) The word "Decedent" shall mean decedent Eric H. Carmen.

(l) The word "Trust" shall mean the July 11, 2007 Trust Agreement for the Carmen Family Gift Trust and all trusts formed or created in relation thereto, including without limitation any amendments, modifications, restatements, or alterations to the Trust.

(m) The word "Account" shall mean all related Trust accounts with Civista Bank, including, without limitation, that certain Trust Civista account ending in number 5355.

**Please produce the following Documents in accordance with the instructions contained in the subpoena:**

1. Produce any and all Documents and Communications between Civista Bank and Decedent.

2. Produce any and all Documents and Communications between Civista Bank and Defendant.

3. Produce any and all internal Documents and Communications between Civista Bank, its employees, agents, contractors, subcontractors and representatives, and other Civista Bank employees, agents, contractors, subcontractors and representatives, pertaining to the Trust.

4. Produce any and all Documents and Communications between Civista Bank and Plaintiff(s).

5. Produce any and all Documents and Communications between Civista Bank and any trustee, special trustee and/or successor trustee of the Trust.

6. Produce any and all Documents and Communications between Civista Bank and any member of the investment committee, trust protector, beneficiary, and/or any other non-beneficiary of the Trust.

7. To the extent not previously disclosed, produce any and all Documents and Communications between Civista Bank and any other Persons pertaining to the Trust.

8. Produce copies of all Trust Documents, instruments, Communications, correspondences, and materials related in any way to the Trust.

9. Produce copies of all Documents and Communications related to the opening, administration and closing, as applicable, of the Account.

10. Produce a copy of any and all Documents that list all Trust assets, through the earlier of: (a) the date the Account was closed and all Trust assets transferred; or (b) present date.

11. Produce a copy of any and all Documents that contain an accounting of all transactions concerning the Trust and/or Trust account, itemizing all receipts and distributions, including, but not limited to, all distributions to any beneficiary(ies) of the Trust and/or transfers to separate financial institutions.

12. Produce a copy of any and all Documents that relate to any Trust Account with Civista Bank.

Respectfully submitted,

*/s/ Richard N. Selby, II*
Richard N. Selby  (0059996)
rselby@dworkenlaw.com
Joseph N. Cindric (0092624)
jcindric@dworkenlaw.com
**Dworken & Bernstein Co., L.P.A.**
60 South Park Place
Painesville, OH 44077
Telephone: (440) 352-3391
Facsimile: (440) 352-3469

*Attorneys for Plaintiffs*