

# Boyce
## LAW FIRM LLP

pwtschetter@boycelaw.com
605-731-0205

January 24, 2025

**VIA EMAIL ONLY**

Richard N. Selby (rselby@dworkenlaw.com)
Joseph N. Cindric (jcindric@dworkenlaw.com)
DWORKEN & BERNSTEIN CO., L.P.A.
600 South Park Place
Painesville, OH 44077

RE: *Kathryn Carmen, et al. v. Amy Carmen*, N.D. Ohio Case No. 1:24-cv-01331
Our File No. 16173.001

Dear Counsel:

On December 24, 2024, you served a Subpoena to Produce Documents dated December 23, 2024, (the "Subpoena") upon ▮▮▮▮▮▮▮▮ Bank in ▮▮▮▮▮ (the "Bank") in the above-referenced action (the "Lawsuit"). The Subpoena was issued on behalf of your clients, the Plaintiffs, in the Lawsuit. You have agreed to permit the Bank an extension until Friday, January 24, 2025, to provide any objections to the Subpoena. The Bank hereby objects, pursuant to Federal Rule of Civil Procedure 45(d)(2), to producing any materials requested in the Subpoena on the following grounds. Each objection listed below incorporates the other objections listed herein by reference.

**Objection 1 – The Plaintiffs are not entitled to the materials sought as a matter of law.**

The Bank asserts this objection to Request No. 1, Request No. 2, Request No. 3, Request No. 5, Request No. 6, Request No. 7, Request No. 8, Request No. 9, Request No. 10, Request No. 11, and Request No. 12.

The Plaintiffs in the Lawsuit are not current or contingent beneficiaries under the A&R Trust Agreement (as defined in the Subpoena). Therefore, there is no basis under South Dakota law for the Plaintiffs in the Lawsuit to receive the documents requested in the Subpoena. *See* SDCL 55-2-13 (explaining when certain trust information is required to be provided to *qualified beneficiaries*).

---

Richard N. Selby (rselby@dworkenlaw.com)
Joseph N. Cindric (jcindric@dworkenlaw.com)
January 24, 2025
Page 2 of 4

Additionally, the A&R Trust Agreement provides no basis for the Plaintiffs to be entitled to the documents and communications requested to be produced. Section 12.4 of the A&R Trust Agreement provides that the Bank "shall disclose to the beneficiaries all [nonprivileged] information regarding the trust and its administration requested by the beneficiaries" only. The A&R Trust Agreement grants the Bank no authority to disclose any information concerning the trust and its administration to nonbeneficiaries such as the Plaintiffs. The Bank should not be compelled to produce documents to the Plaintiffs to which the Plaintiffs are not entitled as provided in the governing trust documents and as a matter of law.

**Objection 2 – Privacy/Confidentiality**

The Bank asserts this objection to Request No. 1, Request No. 2, Request No. 3, Request No. 5, Request No. 6, Request No. 7, Request No. 8, Request No. 9, Request No. 10, Request No. 11, and Request No. 12.

These requests seek materials containing sensitive or private information of parties and nonparties that the Bank is not authorized to disclose. As a trustee of the A&R Trust Agreement (as defined in the Subpoena), the Bank is a fiduciary and is bound to maintain the confidentiality of the trust documents and confidential information unless disclosure is specifically authorized by law or the trust agreement. And here, the Bank is not authorized to disclose confidential trust and estate planning documents as requested by the Plaintiffs. The materials requested also contain sensitive personal and financial information of nonparties that the Bank is bound to protect. The Bank should not be compelled to breach its duties to protect the confidential information of its customers and nonparties without any limits to the information to be disclosed or any protection for the confidential material sought.

**Objection 3 – Overbreadth**

The Bank asserts this objection to Request No. 1, Request No. 2, Request No. 3, Request No. 4, Request No. 5, Request No. 6, Request No. 7, Request No. 8, Request No. 9, Request No. 10, Request No. 11, and Request No. 12.

These requests are overly broad, vague, and seek excessive amounts of information. The requests seek materials that are in no way limited in time or scope. Almost all these requests impose no limits on the time period for which documents are sought. Further, there is no effort whatsoever to limit the demand for materials to only those materials relevant to the claims in the Lawsuit. Rather, these requests seek the production of effectively all communications of the Bank to parties and nonparties alike that in any way relate to the Trust (as defined in the Subpoena), the A&R Trust Agreement (as defined in the Subpoena), and the Estate Planning (as defined in the Subpoena), regardless of whether such materials are relevant to any material issues in the Lawsuit. The requested materials are also not defined with anything resembling "reasonable particularity" as required by Federal Rule of Civil Procedure 34. These requests fail to identify with any specificity what kind of information is sought and rather seek all

Richard N. Selby (rselby@dworkenlaw.com)
Joseph N. Cindric (jcindric@dworkenlaw.com)
January 24, 2025
Page 3 of 4

materials in the Bank's possession that are connected with the Trust and the A&R Trust Agreement in some way. Because these requests fail to identify specific documents or categories of documents with sufficient particularity, they are vague and unreasonably expansive. The Bank is not required to respond to these requests at its expense to permit the Plaintiffs to conduct a fishing expedition into confidential materials in the Bank's possession.

**Objection 4 – Relevance (Federal Rule of Civil Procedure 26(b)(1)**

The Bank asserts this objection to Request No. 1, Request No. 2, Request No. 3, Request No. 4, Request No. 5, Request No. 6, Request No. 7, Request No. 8, Request No. 9, Request No. 10, Request No. 11, and Request No. 12.

The Plaintiffs have not demonstrated that the requested information is relevant to any party's claim or defense under Federal Rule of Civil Procedure Rule 26(b)(1), and the requests are thus inherently not proportional to the needs of the case. These requests do not show how any of the materials sought will help resolve any material issue in the Lawsuit or advance litigation in any way. Rather, the requests seek all materials in the Bank's possession related in some way to the Trust (as defined in the Subpoena), the A&R Trust Agreement (as defined in the Subpoena), the Estate Planning (as defined in the Subpoena), and the parties in the Lawsuit, instead of only those materials that would inform a material issue in the Lawsuit. If the Bank were to comply with these requests, it would permit the Plaintiffs to wade through the Bank's confidential records in an effort to discover something that may be germane to the Lawsuit. The Bank should not be compelled to produce the irrelevant documents requested by the Plaintiffs except upon a showing that the materials requested are relevant to the Lawsuit.

**Objection 5 – Privilege**

The Bank asserts this objection to Request No. 3, Request No. 6, Request No. 7, and Request No. 8.

These requests seek information protected by attorney-client privilege and/or the work product doctrine. Because these requests are overbroad and seek all materials in the Bank's possession involving communications with various nonparties, these requests also seek privileged communications between the Bank and its counsel.

**Objection 6 – Undue Burden and Expense/Proportionality (Federal Rule of Civil Procedure 45(d)(1)):**

The Bank asserts this objection to Request No. 1, Request No. 2, Request No. 3, Request No. 4, Request No. 5, Request No. 6, Request No. 7, Request No. 8, Request No. 9, Request No. 10, Request No. 11, and Request No. 12.

Richard N. Selby (rselby@dworkenlaw.com)
Joseph N. Cindric (jcindric@dworkenlaw.com)
January 24, 2025
Page 4 of 4

These requests do nothing to limit or account for the burden these requests impose on the Bank. These requests seek an extensive and voluminous collection of documents, with virtually no limitation on the temporal scope or category of materials requested, requiring the Bank to expend significant time, effort, and resources to locate, review, and produce the requested materials. Compliance with these requests would require the Bank to dedicate substantial personnel and financial resources to the task, which is disproportionate to any potential relevance or benefit from the production of these materials to the Lawsuit.

In addition to these objections, the Bank does not waive any other objections under the Federal Rules of Civil Procedure or applicable law, and it expressly reserves the right to further elaborate should the Plaintiffs continue to pursue this unwarranted Subpoena.

To the extent this letter does not resolve this issue, I would be more than happy to have a telephone call or meet over Zoom to discuss the issues raised above. Obviously, we would greatly prefer to resolve this issue without Court action, as we do not want to increase the burden on the Court or unnecessarily expend the resources of either party.

To this end, if you would like to discuss this matter, please contact me at (605) 731-0205.

Sincerely,

BOYCE LAW FIRM, L.L.P.

Paul W. Tschetter

PWT/akm

cc: Client
    Jason R. Sutton
    David J. Hieb