THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KATHRYN CARMEN, *et al.* | ) | CASE NO. 1:24-cv-01331 |
| | ) | |
| Plaintiffs | ) | JUDGE: DAVID A. RUIZ |
| | ) | |
| | ) | **PLAINTIFFS' SUPPLEMENTAL** |
| vs. | ) | **BRIEF IN OPPOSITION TO** |
| | ) | **DEFENDANT'S MOTION TO** |
| AMY CARMEN, | ) | **STAY DISCOVERY AND MOTION** |
| | ) | **FOR PROTECTIVE ORDER AND** |
| | ) | **RENEWED REQUEST FOR STATUS** |
| Defendant | ) | **CONFERENCE** |

Now come Plaintiffs, by and through undersigned counsel, and present this brief which serves to supplement Plaintiffs' briefs in opposition (Doc No. 32; Doc. No. 33) ("Opposition Briefs") to (i) Defendant's motion to stay discovery (Doc. No. 28) and (ii) Defendant's motion for protective order (Doc. No. 29) (collectively, the "Discovery Motions").

As cause for this supplemental brief, Plaintiffs were recently notified that on or about August 11, 2025, Defendant filed a new lawsuit in this District (Case No. 1:25-cv-1671 and assigned to Judge Charles Esque Fleming) asserting various defamation and false light claims against Plaintiffs and other named defendants, including Penske Media Corporation as the alleged owner and operator of *Rolling Stone* magazine (the "Defamation Lawsuit"). The Defamation Lawsuit references the instant case ("Trust Lawsuit") along with asserting allegations that emanate from and/or otherwise relate directly to this dispute, including without limitation, the following: (a) opining as to the governing documents and purported main purpose of the subject trust; (b) referencing alleged trust assets, (c) departure of Fred Carmen as trustee and subsequent trustee appointments, including Defendant and the subject financial institution; (d) events concerning the subject modification and/or amendment of the trust; (e) Defendant's continued role over the trust;

(f) contesting Plaintiffs' status as beneficiaries of the trust; (g) discussing the Education Expenses Release and Adversarial Action;[1] (h) opining that the instant Trust Lawsuit is "frivolous;" and (i) additional events and instances referenced by the parties in the current Trust Lawsuit regarding the interaction between Plaintiffs, Defendant, decedent and Plaintiffs' mother and prior spouse of decedent. (See generally Defamation Lawsuit Compl., Doc. No. 1, PageID# 6, 9-23).

Despite the foregoing, in her Discovery Motions, Defendant goes to extreme lengths to argue that she is not required to participate in any discovery (paper or oral) while her dispositive motion is pending, and also seeks a protective order on certain third-party discovery. Now, as a plaintiff in in the Defamation Lawsuit, Defendant will pursue discovery related to her purported claims that concern similar and overlapping facts, all while refusing to engage in standard discovery in this Trust Lawsuit. Defendant's actions are a clear attempt to evade standard litigation procedures and must be prohibited.

Plaintiffs have been diligent in pursuing their claims, including without limitation, propounding paper discovery upon Defendant and issuing third-party subpoenas in late December 2024. (See Doc. No. 20). Plaintiffs also scheduled tentative deposition dates, but the same were rendered moot for the time being as Defendant refused to participate in discovery while the Discovery Motions remained pending. Rather than incur unnecessary fees[2] and further burden this Court with motion practice to force discovery, especially with the matter briefed amongst the parties, Plaintiffs opted to wait for a determination on the Discovery Motions.

---

[1] As such terms are defined in Plaintiffs' Memorandum in Opposition to Defendant's Motion for Judgment on the Pleadings (Doc. No. 27).
[2] Plaintiffs also incurred substantial attorney fees in responding to the Discovery Motions despite Defendant now filing the Defamation Lawsuit.

Given Defendant's recent actions in filing the Defamation Lawsuit and because simply filing a dispositive motion is insufficient[3] to support a stay of discovery, Defendant's Discovery Motions must be denied and Plaintiffs must be permitted to pursue standard paper and oral discovery. Defendant's arguments in her Discovery Motions are further contravened by her decision to the file Defamation Lawsuit as she repeatedly asserted that a stay and protective order[4] were necessary given Plaintiffs' alleged interaction with the media and to prevent such information from being further disclosed. (See generally Doc No. 28-1, PageID# 427-428; Doc. No. 29-1, PageID# 454-455; Doc. No. 35, PageID# 526-527; Doc. No. 36, PageID# 538). While obviously contesting such characterizations and assertions, Defendant has now placed these issues as discoverable in the Defamation Lawsuit and, derivatively, this Trust Lawsuit. Defendant must be precluded from utilizing such arguments as a shield in the instant Trust Lawsuit while implementing the same as a sword in an effort to seek substantial amounts of damages in the Defamation Lawsuit. Moreover, because Defendant has alleged facts and events in her Defamation Lawsuit complaint that are at issue in the Trust Lawsuit, Defendant has no basis for staying discovery.

As iterated above and in greater detail in Plaintiffs' Opposition Briefs, and because a stay of discovery "is directly at odds with a need for expeditious resolution of litigation,"[5] Defendant's Discovery Motions must be denied. Nothing contained herein should be construed as a waiver of any potential claims or arguments Plaintiffs may have to move this Court to consolidate the

---

[3] See Rothstein v. Steinberg, No. 5:08CV0673, 2008 U.S. Dist. LEXIS 108003, *11 (N.D. Ohio June 9, 2008) quoting Ohio Bell Tel. Co., Inc. v. Global NAPs Ohio, Inc., No. 2:06-cv-0549, 2008 U.S. Dist. LEXIS 21288 (S.D. Ohio Mar. 4, 2008).
[4] The parties are already subject to a stipulated protective order (Doc. No. 8).
[5] See Ames v. LaRose, No. 2:22-cv-2085, 2022 U.S. Dist. LEXIS 192147, *4 (S.D. Ohio Oct. 20, 2022) quoting Williams v. New Day Farms, LLC, No. 2:10-cv-0394, 2010 U.S. LEXIS 98934 (S.D. Ohio Sept. 7, 2010).

actions. The instant supplemental brief is merely being filed to bring critical new information to this Court's attention since it only occurred recently.

      In addition the foregoing, Plaintiffs also request that this Court schedule a status conference in the near future at a time and date that is convenient for this Court to discuss the instant matters, in addition to Plaintiffs' request to modify the case management order.

Dated:  August 27, 2025

                                  Respectfully submitted,

*/s/ Kristen M. Kraus*
Kristen M. Kraus (0073899)
Richard N. Selby (0078988)
Joseph N. Cindric (0092624)
DWORKEN & BERNSTEIN CO., L.P.A.
60 South Park Place
Painesville, Ohio 44077
Telephone:  (440) 352-3391 Fax:  (440) 352-3469
kmkraus@dworkenlaw.com
rselby@dworkenlaw.com
jcindric@dworkenlaw.com

*Counsel for Plaintiffs*

<u>PROOF OF SERVICE</u>

A copy of the foregoing was sent via electronic mail this 28th day of August, 2025 to:

Jessica S. Forrest (0087602)
Timothy J. Gallagher (0086764)
Reminger Co., LPA
200 Public Sq., Ste. 1200
Cleveland, OH 44114
(216) 430-2162 ; Fax (216) 687-1841
jforrest@reminger.com
tgallagher@reminger.com

<u>*/s/ Kristen M. Kraus*</u>
Kristen M. Kraus (0073899)
Richard N. Selby (0078988)
Joseph N. Cindric (0092624)
DWORKEN & BERNSTEIN CO., L.P.A.

*Counsel for Plaintiffs*